**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue, N.W. <br> Washington, DC 20460, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant Environmental Protection Agency ("EPA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff is a not-for-profit, educational organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its educational mission, Plaintiff regularly requests records under FOIA, analyzes the responses and any records it receives, and disseminates its findings and the records to the

American public to inform them about "what their government is up to." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 795 (1989).  Plaintiff is incorporated under the laws of the District of Columbia and is headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.

4. Defendant is an agency of the United States Government and is headquartered at 1200 Pennsylvania Avenue N.W., Washington, DC 20460.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 3, 2017, Plaintiff submitted a FOIA request to Defendant, by certified mail, seeking access to the following:

> 1. Any and all work-related communications sent to or from the following EPA officials using the app known as "Signal," for the period February 3, 2016 to the present:
>
>    a. Administrator (or Acting);
>
>    b. Deputy Administrator (or Acting);
>
>    c. Assistant Administrator (or Acting), Office of Air and Radiation;
>
>    d. Assistant Administrator (or Acting), Office of Chemical Safety and Pollution Prevention;
>
>    e. Assistant Administrator (or Acting), Office of Enforcement and Compliance Assurance;
>
>    f. Assistant Administrator (or Acting), Office of Land and Emergency Management;
>
>    g. Assistant Administrator (or Acting), Office of International and Tribal Affairs; and
>
>    h. Chief Financial Officer (or Acting).

    2.    Any and all records requesting or approving the use of the messaging app known as "Signal" by any EPA personnel for official business. The time frame for the requested records is July 1, 2014 to the present.

6.    According to U.S. Postal Service Records, Defendant received Plaintiff's request on February 13, 2017.

7.    As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

8.    Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.    Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

10.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on February 13, 2017. Accordingly, Defendant's determination was due on or about March 14, 2017. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any

responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 23, 2017     Respectfully submitted,

*s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*